
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 2 2 2011
CLERK, U.S. DISTRICT COURT
by_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

AUGUSTINE KOLA FALANA, §
§
Petitioner, §
§
v. § No. 4:11-CV-277-A
§
RICK THALER, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
§
Respondent. §

MEMORANDUM OPINION
and
ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Augustine Kola Falana, a state prisoner currently incarcerated in Tennessee Colony, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time barred.

I. PROCEDURAL HISTORY

In June 2004 petitioner was charged by indictment with aggravated assault with a deadly weapon in the 371st District Court of Tarrant County, Texas, in Case No. 0920328D. (State

Habeas R. at 72) On November 8, 2004, pursuant to a plea bargain agreement, petitioner pleaded guilty to the offense, and the trial court placed him on three years' deferred adjudication community supervision, ordered him to pay a fine and costs, and entered conditions of his community supervision. (Id. at 73-85) Petitioner did not directly appeal the nonadjudication judgement; thus, the judgment became final under state law thirty days later on December 8, 2004. (Resp't Preliminary Resp., App. A) *See Manuel v. Texas*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); TEX. R. APP. P. 26.2(a)(1).

Thereafter, the state filed two petitions to proceed to adjudication of guilt due to petitioner's numerous violations of his conditions of community supervision.[1] (State Habeas R. at 88-99) Ultimately, the trial court revoked petitioner's deferred adjudication community supervision on February 23, 2007, and sentenced him to fifteen years' confinement. (*Id.* at 100-01) Petitioner appealed the trial court's judgment adjudicating guilt, but the appellate court affirmed the trial court's

---

[1] Petitioner refers to a "third" petition to proceed to adjudication, however the record reflects the state amended its first petition and filed a second. Nothing in the record indicates the state filed a third petition to proceed to adjudication. (Pet. at 6-7; State Habeas R, Index)

judgment on December 6, 2007. (*Id.* at 102-15) Petitioner did not file a petition for discretionary review in the Texas Court of Criminal Appeals; thus, the judgment adjudicating guilt became final under state law thirty-two days later on Monday, January 7, 2008. 28 U.S.C. § 2244(d)(1)(A); Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

On January 13, 2009, petitioner filed a state habeas application for writ of habeas corpus, raising one or more of the claims presented herein, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on December 15, 2010. (*Id.* at cover) Petitioner filed this federal petition for writ of habeas corpus on March 14, 2011, in the Tyler Division, and the case was subsequently transferred to this division.[2] As ordered, respondent has filed a preliminary response addressing only the timeliness of the petition under the federal statute of limitations.

---

[2]*See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding, under prison mailbox rule, pro se habeas petition is deemed filed when papers delivered to prison authorities for mailing). Petitioner does not indicate on his petition the date he placed the petition in the prison mailing system, however the envelope in which he mailed the petition reflects a postmark of March 14, 2011. Thus, the petition is deemed filed on March 14, 2011.

D. ISSUES

Petitioner raises four grounds for relief in which he appears to challenge both the original plea proceedings and the adjudication proceedings. (Pet. at 6-7)

E. STATUTE OF LIMITATIONS

Thaler believes the petition is time-barred and should be dismissed. (Resp't Preliminary Resp. at 3-6) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

>    (D)   the date on which the factual
> predicate of the claim or claims presented
> could have been discovered through the
> exercise of due diligence.
>
> (2)   The time during which a properly filed
> application for State post-conviction or other
> collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted
> toward any period of limitation under this subsection.

Id. § 2244(d)(1)-(2).

To the extent petitioner's claims involve alleged facts or events relevant to the original plea proceedings, including the voluntariness of his plea, the one-year limitations period began to run on the date the nonadjudication judgment became final upon expiration of the time that petitioner had for filing a notice of appeal in the state appellate court on December 8, 2004, and expired one year later on December 8, 2005, absent any applicable tolling. Id. § 2244(d)(1)(A)[3]; Caldwell v. Dretke, 429 F.3d 521, 530 (5th Cir. 2005), cert. denied, 549 U.S. 970 (2006); Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998).

---

[3]The record does not reflect that any unconstitutional "State action" impeded petitioner's efforts to file a federal application and there are no allegations that the Supreme Court has announced a new rule(s) applicable to petitioner's claims or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

5

To the extent petitioner's claims involve alleged facts or events relevant to the adjudication proceedings, the one-year limitations period began to run on the date the judgment adjudicating guilt became final upon expiration of the time that petitioner had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on January 7, 2008, and expired one year later on January 7, 2009, absent any applicable tolling. 28 U.S.C. § 2244(d)(1)(A); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Petitioner's state habeas application filed on January 13, 2009,[4] after limitations expired did not operate to toll the limitations period in either instance. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner alleged or demonstrated circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations

---

[4] Historically, the prison mailbox rule did not apply to state habeas applications from inmates in Texas. *See Howland v. Quarterman*, 507 F.3d 840, 843-44 (5th Cir.2007). However, recently, the Texas Court of Criminal Appeals adopted the prisoner mail box rule that a document is deemed filed at the time it is delivered to prison authorities for mailing in the prisoner context. *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010). Nevertheless, Fifth Circuit precedent holds the prison mailbox rule does not apply to the filing of a state habeas petition for purposes of calculating the federal statute of limitations, and this court is bound by such precedent. *Howland*, 507 F.3d at 844.

6

period. *See Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2562 (2010).

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED July 22, 2011.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE